## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

NEOGEN CORPORATION, a Michigan
corporation,

          Plaintiff,

v.

INNOVATIVE REPRODUCTION
TECHNOLOGY, LLC,

          Defendant.

Case No. 1:18-cv-00789

Hon. Janet T. Neff

_____/

| | |
|---|---|
| HONIGMAN MILLER SCHWARTZ AND COHN LLP | BODMAN PLC |
| By:   J. Michael Huget (P39150) | By:   Dennis J. Levasseur (P39778) |
|       Adam M. Wenner (P75309) |       Michael J. Serra (P77741) |
| 315 E. Eisenhower Pkway, Suite 100 | 6th Floor at Ford Field |
| Ann Arbor, Michigan 48108 | 1901 Saint Antoine Street |
| (734) 418-4254 | Detroit, Michigan 48226 |
| mhuget@honigman.com | (313) 259-7777 |
| awenner@honigman.com | dlevasseur@bodmanlaw.com |
| Attorneys for Plaintiff | mserra@bodmanlaw.com |
| | Attorneys for Defendant |

_____/

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, <u>TO TRANSFER VENUE</u>

January 25, 2019
Detroit, Michigan

Defendant Innovative Reproduction Technology, LLC, by its undersigned attorneys, under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §§1391,1404, and 1406, moves to dismiss plaintiff Neogen Corporation's complaint, or in the alternative, to transfer venue of this action to the United States District Court for the Southern District of Iowa.   In support of its motion, defendant relies on the accompanying brief and exhibits.

Under W.D. Mich. LR 7.1, defendant's counsel sought plaintiff's counsel's concurrence in the relief requested in this motion.   Concurrence was denied.

WHEREFORE, for the reasons stated more fully in the accompanying brief, defendant respectfully requests that this Honorable Court dismiss plaintiff's complaint or, in the alternative, enter an order that venue of this case be transferred to the United States District Court for the Southern District of Iowa.

Respectfully submitted,

BODMAN PLC


By:    /s/ Dennis J. Levasseur
        Dennis J. Levasseur (P39778)
        Michael J. Serra (P77741)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
dlevasseur@bodmanlaw.com
mserra@bodmanlaw.com
Attorneys for Defendant

January 25, 2019
Detroit, Michigan

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

NEOGEN CORPORATION, a Michigan
corporation,

                 Plaintiff,

v.

INNOVATIVE REPRODUCTION
TECHNOLOGY, LLC,

                 Defendant.

Case No. 1:18-cv-00789

Hon. Janet T. Neff

_____/

| | |
|---|---|
| HONIGMAN MILLER SCHWARTZ AND COHN LLP | BODMAN PLC |
| By:    J. Michael Huget (P39150)<br>        Adam M. Wenner (P75309) | By:    Dennis J. Levasseur (P39778)<br>        Michael J. Serra (P77741) |
| 315 E. Eisenhower Pkway, Suite 100 | 6th Floor at Ford Field |
| Ann Arbor, Michigan 48108 | 1901 Saint Antoine Street |
| (734) 418-4254 | Detroit, Michigan 48226 |
| mhuget@honigman.com | (313) 259-7777 |
| awenner@honigman.com | dlevasseur@bodmanlaw.com |
| Attorneys for Plaintiff | mserra@bodmanlaw.com |
| | Attorneys for Defendant |

_____/

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE

January 25, 2019
Detroit, Michigan

# TABLE OF CONTENTS

INDEX OF AUTHORITIES................................................................................................ ii

DEFENDANT'S CONCISE STATEMENT IN SUPPORT OF ITS MOTION .......................... iv

INTRODUCTION .............................................................................................................1

STATEMENT OF FACTS .................................................................................................1

ARGUMENT ....................................................................................................................4

    A.  Standard of Review...........................................................................................4

    B.  This Case Should Be Dismissed Because Neogen Cannot Satisfy its Burden of
        Establishing Venue in The Western District of Michigan. ...................................5

    C.  If This Court Declines To Dismiss, It Should Transfer Venue To The Southern
        District of Iowa. ...............................................................................................8

        1.  There is a binding and enforceable forum-selection clause.........................8

        2.  Even if the forum-selection clause does not apply, the interests of justice
             support transferring venue to the Southern District of Iowa........................11

CONCLUSION................................................................................................................12

Detroit_15612120_2

# INDEX OF AUTHORITIES

## Cases

*Abramoff v. Shake Consulting, L.L.C.*,
   288 F. Supp. 2d 1 (D.D.C. 2003) .............................................................................. 5

*AGR Fin., L.L.C. v. Ready Staffing, Inc.*,
   99 F. Supp. 2d 399 (S.D.N.Y. 2000) ........................................................................ 9

*Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. Of Tex.*,
   571 U.S. 49 (2013)..................................................................................................... 8

*Celanese Acetate, LLC v. Lexcor, Ltd.*,
   632 F. Supp. 2d 544 (W.D. N.C. 2009) .................................................................... 9

*Cottman Transmission Sys., Inc. v. Martino*,
   36 F.3d 291 (3d Cir. 1994) ........................................................................................ 7

*Dusen v. Barrack*,
   376 U.S. 612 (1964).................................................................................................. 5

*First of Mich. Corp. v. Bramlet*,
   141 F.3d 260 (6th Cir. 1998) ................................................................................ 4, 5

*Fischell v. Cordis Corp.*,
   2016 WL 8467615 (W.D. Mich. Feb. 18, 2016) ................................................... 6, 7

*Fulton Energy Grp., LLC v. Burau*,
   2017 WL 818502 (W.D. Mich. Mar. 1, 2017)........................................................ 12

*General Electric Co. v. G. Siempelkamp GmbH & Co.*,
   29 F.3d 1095 (6th Cir. 1994) .................................................................................... 9

*Hastings Fiber Glass Prods., Inc. v. Enlace Mercantil Internacional, Inc.*,
   2017 WL 1133414 (W.D. Mich. Mar. 7, 2017)........................................................ 5

*Heider v. Hitachi Power Tools, Ltd.*,
   764 F. Supp. 93 (E.D. Mich. 1991).......................................................................... 11

*Jenkins Brick Co. v. Bremer*,
   321 F.3d 1366 (11th Cir. 2003) ................................................................................ 5

*Kellhoffer v. Columbus S. Power Co.*,
   192 Fed. Appx. 383 (6th Cir. 2006).......................................................................... 10

*Pioneer Surgical Tech., Inc. v. Vikingcraft Spine, Inc.*,
   2010 WL 2925970 (W.D. Mich. July 21, 2010)........................................................ 7

Detroit_15612120_2

*Reese v. CNH Am. LLC*,
   574 F.3d 315 (6th Cir. 2009) ................................................................. 5

*Saferstein v. Paul, Mardinly, Durham, James, Fladreau & Rodger, P.C.*,
   927 F. Supp. 731 (S.D.N.Y. 1996) ......................................................... 4

*Steelcase, Inc. v. Mar-Mol Co., Inc.*,
   2010 F. Supp. 2d 920 (W.D. Mich. 2002) .............................................. 4

*Steward Org., Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988) .................................................................................. 5

*Tex. Source Grp., Inc. v. CCH, Inc.*,
   967 F. Supp. 234 (S.D. Tex. 1997) ...................................................... 10

*Transport Sys., LLC v. Pace Runners, Inc.*,
   2018 WL 3708077 (E.D. Mich. Aug. 3, 2018) ...................................... 8

*U.S. Smoke & Fire Curtain, LLC v. Bradley Lomas Electrolok, Ltd.*,
   612 Fed. Appx. 671 (4th Cir. 2015) ....................................................... 9

*Washington v. Roosen, Varchetti & Oliver, PLLC*,
   894 F. Supp. 2d 1015 (W.D. Mich. 2012) .............................................. 4

## **Statutes**

28 U.S.C. §1391 ................................................................................................ 4

28 U.S.C. §1404 ....................................................................................... 4, 5, 11

28 U.S.C. §1406 ................................................................................................ 5

## **Rules**

Fed. R. Civ. P. 12 ............................................................................................. 4

Detroit_15612120_2

## <u>DEFENDANT'S CONCISE STATEMENT IN SUPPORT OF ITS MOTION</u>

Plaintiff's complaint should be dismissed because it was improperly filed in the Western District of Michigan.  None of the events or omissions giving rise to the claims occurred in this district.  Defendant is an Iowa limited liability company, headquartered in Clive, Iowa, that designed products (certain post-cervical artificial insemination devices) in Iowa and ordered those products from Iowa to be shipped to Iowa.  After defendant inspected those products in Iowa, it justifiably chose not to pay for them because of defects.  That decision was made in Iowa.  Moreover, even before this dispute arose, the parties expressly agreed in their supply contract that the Southern District of Iowa was to be the exclusive venue for any legal actions filed by plaintiff.  In the alternative, venue should be transferred to the Southern District of Iowa for those same reasons.

Detroit_15612120_2

## INTRODUCTION

Under the terms of a written contract, the parties expressly agreed to venue in the United States District Court for the Southern District of Iowa.  Plaintiff Neogen Corporation ("Neogen") and defendant Innovative Reproduction Technology, LLC ("IRT") had a contractual relationship whereby Neogen would manufacture and sell IRT's products based upon IRT's confidential specifications.  IRT would also order its products from Neogen.  In late 2017 and early 2018, IRT ordered products from Neogen and justifiably refused payment due to defects.  Neogen then filed this suit to collect payment for defective products.

Neogen filed suit in this district which is an improper venue.  Every substantial part of the events or omissions giving rise to Neogen's claims occurred **outside** the Western District of Michigan.  IRT is an Iowa limited liability company with its headquarters in Clive, Iowa.  All decisions involving the subject contracts and products originated in Clive, Iowa.  That includes the decision not to pay Neogen for defective products that were shipped to and inspected in Iowa.  IRT and Neogen even agreed in their contract that any dispute brought by Neogen shall be litigated in the Southern District of Iowa.  The parties' only relationship to the Western District of Michigan is Neogen's headquarters.  Yet, Neogen itself has a facility in the Southern District of Iowa.  This case should be dismissed, or at the very least, transferred because venue is improper and inconvenient for IRT.

## STATEMENT OF FACTS

Neogen develops, manufactures, and markets food and animal safety products.  See, Complaint ("Comp.") at ECF No. 1, ¶12, PageID.3.  It is headquartered in Lansing, Michigan, but ships products throughout the United States.  Id., ¶¶5, 11, PageID.2-3.  Neogen employees and representatives regularly conduct business for Neogen in the Southern District of Iowa.  One

such instance includes meeting with IRT at the Iowa Pork Congress in Des Moines, Iowa.[1] Affidavit of Neil DeBuse, attached hereto as **Exhibit A**, ¶11.  Neogen even has a manufacturing facility in Pleasantville, Iowa.  See, Screenshot from Neogen's website attached hereto as **Exhibit B**.

IRT specializes in developing reproductive technology for farm animals.  **Exhibit A**, ¶7. Such innovative technology includes its SQIRT® post-cervical artificial insemination ("PCAI") catheters.  Id., ¶8.  IRT is an Iowa limited liability company that is headquartered in Clive, Iowa. Id., ¶4; Comp. at ECF No. 1, ¶6, PageID.2.  It has no employees or facilities in Michigan. **Exhibit A**, ¶¶9-10.  Its single member, Neil DeBuse, is domiciled in Clive, Iowa which is less than ten miles from Des Moines, Iowa.  Id., ¶5.  The United States District Court for the Sothern District of Iowa, Central Division, is located in Des Moines.  See, Screenshot from iasd.uscourts.gov attached hereto as **Exhibit C**.

Neogen and IRT entered into a July 1, 2014 Exclusive Supply Agreement ("ESA"). Comp. at ECF No. 1, ¶29, PageID.6.  In it, IRT agreed to provide its confidential and proprietary PCAI specifications to Neogen for the manufacture and sale of SQIRT® PCAI catheters.  See, ESA (without exhibits), Exhibit A to Comp. at ECF No. 1-2, p. 1, PageID.13.  IRT further agreed to exclusively purchase SQIRT® PCAI catheters from Neogen by issuing purchase orders.  Id.  Section 17 of the ESA titled, "Jurisdiction; Venue," states that:

> "[I]f Neogen should bring an action against [IRT] arising from or relating to this Agreement, such action **shall be brought in the court of appropriate jurisdiction in Polk County, Iowa or U.S. District Court for the Southern District of Iowa**."  Id., p. 5, PageID.16; emphasis added.

---

[1] IRT has never met with Neogen in Michigan.  **Exhibit A**, ¶12.

Detroit_15612120_2

Section 8 of the ESA titled, "Survival," states that "[a]ll of the parties' respective obligations shall continue after termination of the Agreement unless otherwise expressly stated." Id., p. 4, PageID.15.

In 2017, Neogen did not renew the ESA. See, Comp. at ECF No. 1, ¶32, PageID.6. Neogen and IRT then began negotiating a new contract. **Exhibit A**, ¶13. Examples of such negotiations taking place by email in August of 2017 are attached hereto as **Exhibit D**. On August 28, 2017 a Neogen representative sent IRT the latest iteration of a new contract. Id. The file was titled "IRT Supply Agreement Updated 8 17 17 V2 TAM **Approved**.dcx." Id.; emphasis added. Section 17 of that Agreement titled, "Jurisdiction; Venue," states that:

> "[I]f Neogen should bring an action against [IRT] arising from or relating to this Agreement, such action **shall be brought in the court of appropriate jurisdiction in Polk County, Iowa or U.S. District Court for the Southern District of Iowa**." Id., p. 4 of "Supply Agreement;" emphasis added.

During those negotiations IRT continued to issue purchase orders to be filled by Neogen in accordance with the terms of the ESA. See, Comp. at ECF No. 1, ¶33, PageID.6; **Exhibit A**, ¶¶14-15. IRT's belief and intent when issuing such purchase orders was that the terms of the ESA remained while the parties were negotiating a new contract. **Exhibit A**, ¶¶14-15. Negotiations between the parties stalled. Id., ¶16. One term that was continuous throughout negotiations was venue for disputes brought by Neogen to be decided in the Southern District of Iowa. Id., ¶13; see, **Exhibit D**, p. 4 of "Supply Agreement."

In late 2017, IRT issued a series of purchase orders for products to be shipped to Iowa.[2] See, Comp. at ECF No. 1, ¶¶34-35, PageID.6; Purchase Orders 1375, 1378, 1379 attached hereto

---

[2] One purchase order, PO 1375, listed an old address in Minnesota when issued. That purchase order was later corrected so that products were shipped to IRT in Iowa. **Exhibit A**, ¶19.

Detroit_15612120_2

as **Exhibit E**.   IRT inspected those products in Iowa, found defects, and justifiably refused payment from its offices in Iowa.   **Exhibit A**, ¶¶19-21.   Neogen then filed this action alleging that IRT "willfully and materially breached its contractual obligations by * * * failing to pay Neogen in a timely manner * * * based on the parties' established course of dealing."   Comp. at ECF No. 1, ¶50, PageID.8.

## ARGUMENT

### A.    Standard of Review.

"Rule 12(b)(3) authorizes a motion [to dismiss] on the basis of 'improper venue.'" *Washington v. Roosen, Varchetti & Oliver, PLLC*, 894 F. Supp. 2d 1015, 1029 (W.D. Mich. 2012), quoting, Rule 12(b)(3), Fed. R. Civ. P.   "Congress has set forth the venue requirements for suits in federal court" under 28 U.S.C. §1391 and "set forth requirements for changing the venue of suits filed in federal court" under 28 U.S.C. §1404.  Id.

28 U.S.C. §1391(b)(2) states that a civil action may be filed in "a judicial district in which **a substantial part** of the events or omissions giving rise to the claim occurred."   28 U.S.C. §1391(b)(2); emphasis added.   "[P]laintiff has the burden of proving that venue is proper in the forum state."   *Steelcase, Inc. v. Mar-Mol Co., Inc.*, 2010 F. Supp. 2d 920, 936 (W.D. Mich. 2002), citing, *Saferstein v. Paul, Mardinly, Durham, James, Fladreau & Rodger, P.C.*, 927 F. Supp. 731, 735 (S.D.N.Y. 1996).   The alleged events must have "a **substantial connection** to the plaintiff's claims."   *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998); emphasis added.   "Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship with the dispute."   *Hastings Fiber Glass Prods., Inc. v. Enlace Mercantil Internacional, Inc.*, 2017 WL 1133414 at *3 (W.D. Mich. Mar. 7, 2017); internal quotations omitted.   Therefore, "[c]ourts often focus on the relevant activities

4

of the defendant, rather than the plaintiff, in determining where a substantial part of the underlying events occurred." *Abramoff v. Shake Consulting, L.L.C.*, 288 F. Supp. 2d 1, 4 (D. D.C. 2003), <u>citing</u>, *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371–72 (11th Cir. 2003).

Under 28 U.S.C. §1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). "The purpose of §1404(a) is to prevent the waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Hastings*, 2017 WL 1133414 at *5, <u>citing</u>, *Dusen v. Barrack*, 376 U.S. 612, 616 (1964). When considering a motion under Section 1404(a), this Court is to "weigh in the balance a number of case-specific factors." *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988). Specifically, this Court may consider: "the convenience of the parties and witnesses; the accessibility of evidence; the availability of process to make reluctant witnesses testify; the costs of obtaining willing witnesses; the practical problems of trying the case most expeditiously and inexpensively; and the interests of justice." *Hastings*, 2017 WL 1133414 at *5, <u>citing</u>, *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

28 U.S.C. §1406 grants this Court authority to dismiss a lawsuit or, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a). The decision to dismiss or transfer an action under this statute lies with the sound discretion of this Court. *First of Mich. Corp.*, 141 F.3d at 262.

**B.**   <u>**This Case Should Be Dismissed Because Neogen Cannot Satisfy its Burden of Establishing Venue in The Western District of Michigan.**</u>

Neogen filed suit in this district based on the bald, conclusory, and decidedly erroneous allegation that "**all** of the events or omissions giving rise to Neogen's claims occurred in this district." Comp. at ECF No. 1, ¶10, PageID.3; emphasis added. Michigan is only mentioned in

three allegations of Neogen's 58 paragraph complaint.  Two assert that Neogen is a Michigan corporation.  Id., ¶¶5, 11, PageID.2-3.  The remaining allegation relates to personal jurisdiction; namely, that IRT engaged in business in Michigan by contracting with Neogen and subsequently caused economic injury in Michigan by "violating the terms of the purchase orders."  Id. at ¶9, PageID.3.

**None** of the events or omissions giving rise to Neogen's claim occurred in the Western District of Michigan.  This is a relatively simple breach of contract claim.  IRT ordered products and refused payment due to defects, then Neogen brought suit.  IRT's decision to refuse payment in early 2018 is the substantial event or omission giving rise to Neogen's claims.  Id., ¶50, PageID.8.  The fact that a plaintiff who contracted with defendant "resided in Michigan, and has suffered alleged economic harm, is not sufficient to establish proper venue."  *Fischell v. Cordis Corp.*, 2016 WL 8467615 at *2 (W.D. Mich. Feb. 18, 2016).[3]

The Southern District of Iowa is the proper venue under 28 U.S.C. §1391(b)(2).  Personal jurisdiction exists because Neogen representatives have traveled to that district to meet with IRT. See, **Exhibit A**, ¶11.  Moreover, Neogen representatives reside in the Southern District of Iowa as evidenced by its facility in Pleasantville, Iowa (which is about 25 miles from the federal Courthouse in Des Moines).  See, **Exhibits B** and **C**.  Substantiality is established because this dispute is **solely** about Neogen delivering products to IRT in the Southern District of Iowa and IRT's decision not to pay for those products, a decision originating from that same district. Comp. at ECF No. 1, ¶¶33-36, PageID.6-7; see, *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994) (defendant's failure to remit payments occurred in Michigan, where

---

[3] Unpublished opinions cited herein are attached to this brief as **Exhibit F**.

Detroit_15612120_2

the defendant was located, even though the payments were to be sent to the plaintiff in Pennsylvania).

*Fischell v. Cordis Corp.*, *supra*, is instructive.  There, plaintiffs brought a breach of contract claim based on defendant's failure to pay royalties.  Id., *1.  This Court found venue improper because defendant's only alleged connection to this district was negotiating a contract with a person domiciled in this district, the defendant having conducted business there, and the plaintiffs suffering economic damages felt there.  Id., *2.  Those allegations did not establish a substantial connection to the underlying breach of contract claim when negotiation, execution, performance, and the alleged breach took place outside this district.  Id., *3.  New Jersey was thus the proper venue because the action arose when defendant failed to pay royalties from its principal place of business in that state.  Id.; see, also, *Pioneer Surgical Tech., Inc. v. Vikingcraft Spine, Inc.*, 2010 WL 2925970 (W.D. Mich. July 21, 2010) (dismissing plaintiff's complaint under Rule 12(b)(3), in part, because defendant's decision giving rise to the claims occurred in California).

Like the plaintiffs in *Fischell*, Neogen's complaint focuses on **its own** activities in this district, not IRT's activities.  Neogen "plead venue only by reciting to part of Section [1391](b)(2) in conclusory fashion" (id., *1) and glosses over the location of IRT's actions or omissions causing the alleged breach.  IRT's argument is even stronger than the defendant in *Fischell*, and plainly establishes that dismissal is proper.  Particularly important is that Neogen and IRT expressly agreed to litigate actions **brought by Neogen** in the Southern District of Iowa. See, ESA (without exhibits), Exhibit A to Comp. at ECF No. 1-2, p. 5, PageID.16.  As discussed in more detail below, that term survived termination and was maintained through the parties' ongoing relationship. **Exhibit A**, ¶¶14-15; *Transport Sys., LLC v. Pace Runners, Inc.*, 2018 WL

7

3708077 (E.D. Mich. Aug. 3, 2018) (dismissing plaintiff's breach of contract claim for improper

venue where there is an enforceable forum-selection clause).

**C.**   **If This Court Declines To Dismiss, It Should Transfer Venue To The Southern District of Iowa.**

    **1.**   **There is a binding and enforceable forum-selection clause.**

"When the parties have agreed to a valid forum-selection clause, a district court **should**

**ordinarily transfer the case to the forum specified in that clause**.  Only under **extraordinary**

**circumstances** unrelated to the convenience of the parties should a §1404(a) motion be denied."

*Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. Of Tex.*, 571 U.S. 49, 62 (2013);

emphasis added.  Here, extraordinary circumstances do not exist.

    IRT and Neogen agreed to a valid forum-selection clause.  Section 17 of the ESA states

that "if Neogen should bring an action against [IRT] arising from or relating to this Agreement,

such action **shall be brought in the court of appropriate jurisdiction in Polk County, Iowa**

**or U.S. District Court for the Southern District of Iowa**."  ESA (without exhibits), Exhibit A

to Comp. at ECF No. 1-2, p. 5, PageID.16; emphasis added.  Neogen has brought an action

against IRT "relating to [the Exclusive Supply] Agreement" by suing for breach of terms

established in the Exclusive Supply Agreement.[4]  Id.  Using "**shall**" instead of "may" in their

forum-selection clause makes the Southern District of Iowa the exclusive and mandatory forum

for this diversity action.  *General Electric Co. v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095,

1099 (6th Cir. 1994).

---

[4] Black's Law Dictionary defines "bring an action" as "[t]o sue; institute legal proceedings." Black's Law Dictionary (10th ed. 2014).

Detroit_15612120_2

Neogen will likely argue that the forum-selection clause does not apply because the ESA was not renewed, and the breach of contract claim arose under new terms.  Those arguments should be rejected by this Court for at least four reasons.

**First**, the ESA has a "Survival" clause requiring that its terms "**shall** continue after termination of the Agreement unless expressly stated otherwise."  ESA (without exhibits), Exhibit A to Comp. at ECF No. 1-2, p. 4, PageID.15; emphasis added.  The forum-selection clause therefore survived non-renewal.

**Second**, even if it that "Survival" clause does not apply, courts generally find that forum-selection clauses (like other dispute resolution terms) survive termination because they control how rights and obligations are decided with the underlying contract.  See, *U.S. Smoke & Fire Curtain, LLC v. Bradley Lomas Electrolok, Ltd.*, 612 Fed. Appx. 671, 672–73 (4th Cir. 2015) (noting the "greater weight of authority" holds that "dispute-resolution provisions, such as forum-selection clauses, are enforceable beyond the expiration of the contract"); *AGR Fin., L.L.C. v. Ready Staffing, Inc.,* 99 F. Supp. 2d 399, 401 (S.D. N.Y. 2000) (concluding, based on the connection of plaintiff's claims to the underlying contract, that "even if the Agreement was terminated, its forum selection clause would still be effective").

**Third**, Neogen and IRT intended for the terms of the ESA to remain in effect while they negotiated a new contract.  "[G]eneral principles of contract law teach us that when a contract lapses but the parties to the contract continue to act as if they are performing under a contract, the material terms of the prior contract will survive."  *Celanese Acetate, LLC v. Lexcor, Ltd.*, 632 F. Supp. 2d 544, 550 (W.D. N.C. 2009); internal quotations omitted; see, *Kellhoffer v. Columbus S. Power Co.*, 192 Fed. Appx. 383, 386 (6th Cir. 2006) (noting that parties "by their conduct may show the intent to continue the contract, in whole or in part, while in negotiations for a new

contract").  The terms of the ESA remaining in effect is evidenced by the continued "course of dealing" after it was not renewed, *i.e.*, IRT issuing purchase orders to Neogen.  Indeed, "course of dealing" is the only specific reference in Neogen's complaint about a term of the contract that was breached. Comp. at ECF No. 1, ¶50, PageID.8 ("IRT has willfully and materially breached is contractual obligations by * * * failing to pay Neogen in a timely manner and failing to act in good faith based on the parties' established course of dealing."); <u>see</u>, <u>also</u>, *Tex. Source Grp., Inc. v. CCH, Inc.*, 967 F. Supp. 234, 238 (S.D. Tex. 1997) (transferring venue under a forum-selection clause even though the operative agreement expired because "resolution of the plaintiffs' claims is dependent, in part, on an evaluation of the parties rights and obligations arising under the contract").

**Fourth**, there was an implied agreement that the terms of the ESA remained after it was not renewed.  "After an agreement has expired, an implied contract may arise when the parties continue to perform as before and their conduct demonstrates a mutual assent to a new agreement with their rights and obligations measured as provided in the expired contract." *Auto-Owners Ins. Co. v. Campbell-Durocher Grp. Painting and Gen. Contracting, LLC*, 322 Mich. App. 218, 231 (2017).  Evidence of this includes the draft "Supply Agreement" marked "**Approved**" sent to IRT on August 28, 2017. **Exhibit D**; emphasis added.  That document incorporates a forum-selection clause identical to the one in the Exclusive Supply Agreement. <u>Id</u>., p. 4 of "Supply Agreement."

The terms of the ESA must be the terms applicable to this action.  That is the only logical conclusion given the survival clause and Neogen's reliance on "course of dealing."  Neogen's complaint did not even attach the relevant purchase orders.  It cannot now claim that those purchase orders somehow contradict or replace the forum-selection clause.  This is especially

10

true when the parties maintained the same forum-selection clause throughout their continued negotiations.

### 2. Even if the forum-selection clause does not apply, the interests of justice support transferring venue to the Southern District of Iowa.

Even if the forum-selection clause were to be ignored, the interests of justice still support transferring venue to the Southern District of Iowa. "District Courts have wide discretion to transfer an action under 28 U.S.C. §1404(a) in order to prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Heider v. Hitachi Power Tools, Ltd.*, 764 F. Supp. 93, 95-96 (E.D. Mich. 1991).

Maintaining this action in Michigan will be a great inconvenience and expense for IRT. IRT and its sole member reside in the Southern District of Iowa, it has no employees or facilities in Michigan, and a Southern District of Iowa Courthouse is less than ten miles from IRT's principal place of business. **Exhibit A**, ¶¶4-5, 9-10. The defective products that caused the alleged breach were delivered to and inspected in the Southern District of Iowa and many are currently located in that district. Id., ¶¶19-20, 22. Finally, maintaining this action in Michigan means that IRT's potential witnesses, all of which are located outside of Michigan, will all have to travel to Michigan to testify at trial. These include IRT's clients who received defective products, engineering firms who dealt with the defective products, and current and former IRT employees who negotiated with Neogen. **Exhibit A**, ¶23. Those current and former employees have firsthand knowledge of the parties' "course of dealing," and inspected defective products. Id.

On the other hand, Neogen will not face the same issues if this action is transferred to the Southern District of Iowa. Neogen has a facility in the Southern District of Iowa and traveled there previously to meet with IRT. Id., ¶8; **Exhibit B**. That facility is only about 25 miles away

Detroit_15612120_2

from the Courthouse in Des Moines, and unlike IRT, Neogen will not need to ship any evidence to prove its claim.  **Exhibit B**.  The only foreseeable inconvenience for Neogen is the limited instance where one of its employees must travel to Iowa to testify at trial.  Yet, given Neogen's extensive operations in the Southern District of Iowa and the forum-selection clause in the Exclusive Supply Agreement, traveling to Iowa will hardly be an inconvenience.

All operative facts (inspection of defects and IRT's decision to refuse payment) originated from and are located in the Southern District Iowa, most witnesses (IRT's representatives and some customers receiving defective products) are located in Iowa, and all necessary evidence (defective catheters and specifications) is located in the Southern District of Iowa.  Accordingly, the interests of justice favor the Southern District of Iowa as the proper venue for this dispute.  See, *Fulton Energy Grp., LLC v. Burau*, 2017 WL 818502 (W.D. Mich. Mar. 1, 2017) (transferring venue due to convenience of the likely witnesses, location of relevant documents, relative ease to access of sources of proof, and the locus of operative facts).

## CONCLUSION

Venue should lie in the Southern District of Iowa.  That is where a substantial portion of the events or omissions giving rise to this action occurred, namely, IRT's decision to refuse payment for defective products.  That is also where the parties agreed to litigate such disputes.  For those reasons, and the other reasons identified above, this Court should dismiss Neogen's complaint or, alternatively, transfer venue to the Southern District of Iowa.

Detroit_15612120_2

Respectfully submitted,

BODMAN PLC


By:     /s/ Dennis J. Levasseur
        Dennis J. Levasseur (P39778)
        Michael J. Serra (P77741)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
 (313) 259-7777
dlevasseur@bodmanlaw.com
mserra@bodmanlaw.com
Attorneys for Defendant

January 25, 2019
Detroit, Michigan

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 25, 2019 the foregoing document and accompanying exhibits were served on plaintiff's counsel of record by first class mail and email to the following address:

HONIGMAN MILLER SCHWARTZ
AND COHN LLP
Attn:   J. Michael Huget
315 E. Eisenhower Pkway, Suite 100
Ann Arbor, Michigan 48108
mhuget@honigman.com

BODMAN PLC

By:      /s/ Dennis J. Levasseur
          Dennis J. Levasseur (P39778)
**Attorneys for Defendant**

14

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the word count of this brief is less than 5,400 words, including headings, footnotes, citations and quotations as identified in W.D. Mich. LR 7.2(b)(i). The word processing software used to generate this word count was Microsoft Word 2016.

BODMAN PLC

By:    /s/ Dennis J. Levasseur
          Dennis J. Levasseur (P39778)
Attorneys for Defendant

Detroit_15612120_2